OPINION
Defendant-appellant Eric Hendricks brings this appeal from the judgment of the Court of Common Pleas of Allen County overruling his motion to withdraw his guilty plea.
On January 12, 1995, Hendricks was indicted on one count of escape and one count of kidnapping. Pursuant to a plea agreement, Hendricks entered a plea of guilty on February 9, 1995, to one count of abduction. Hendricks was sentenced to four to ten years to be served concurrently with another sentence he had received from a Marion County case. On March 1, 2000, Hendricks filed a motion to withdraw his guilty plea. The trial court overruled his motion.
Hendricks makes the following assignment of error:
 The trial court erred in overruling [Hendricks'] motion to withdraw his guilty plea.
Criminal rule 32.1 controls the time period for withdrawing a guilty plea.
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
 Crim.R. 32.1. Here, Hendricks claims that the indictment wasnot proper, thus concluding that his plea is not valid. Thebasis for this argument is that the words "A True Bill" wereprinted on the indictment form for the foreman to sign.Hendricks claims that this does not comply with the law of thestate of Ohio. This same argument was made by Hendricks andaddressed by this court in State v. Hendricks (Aug. 15, 2000),Marion App. No. 9-2000-35 and 9-2000-39, unreported. In thosecases, Hendricks raised the same objections. We overruledHendricks' assignments of error on the grounds that theobjections were not raised in a timely manner. Absent theseobjections, the standard of review is plain error. Id. "Plainerror does not exist unless it can be said that but for theerror, the outcome of the trial would clearly have beenotherwise." Id. Here, there is nothing in the record toindicate that if the words "A True Bill" had been writtenrather than typed, that the outcome would have been different.Thus, there is no plain error and the judge did not err byoverruling the motion for a new trial. The assignment of erroris overruled.
The judgment of the Court of Common Pleas of Allen County is affirmed.
 ___________________________ BRYANT, J.
HADLEY, P.J., and WALTERS, J., concur.